IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

|  |  |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, <br> Plaintiff, <br><br> v. <br><br> KT MECHANICAL CONTRACTORS, INC. *et al.*, <br> Defendants. | * <br> * <br> * <br> * <br> * <br> * Civil Action No. 11-cv-00850-AW <br> * <br> * <br> * <br> * |

*********************************************************************

## **Memorandum Opinion**

Plaintiff Wells Fargo Bank N.A. ("Wells Fargo") brings this action against Defendants KT Mechanical Contractors, Inc. ("KT"), KPT, LLC ("KPT"), Catherine Tsakanikas, Peter Tsakanikas, and George Tsakanikas to collect on three loans made by Wells Fargo. Currently pending before the Court is Plaintiff's motion for summary judgment against all Defendants but George Tsakanikas, who has not yet been served with process. *See* Doc. No. 14. Additionally, Defendants KT, KPT, Catherine and Peter Tsakanikas have moved to strike Plaintiff's Affidavit of James P. Buffington, a Portfolio Manager for Wells Fargo. *See* Doc. No. 16. The Court has reviewed the entire record, as well as the pleadings and exhibits, and finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2010). For the reasons set forth below, the Court GRANTS Plaintiff's motion for summary judgment and DENIES Defendants' motion to strike as moot.

**I.      FACTUAL & PROCEDURAL BACKGROUND**

The following facts are taken from the pleadings, admissions on file, and affidavits. All reasonable inferences are drawn in a light most favorable to Defendants. Three Promissory Notes are the subject of this lawsuit: (1) a $350,000 Promissory Note dated November 7, 2006, ("Note 1") executed by KTM in favor of Wachovia Bank, N.A. ("Wachovia"); (2) a $250,000 Promissory Note dated November 7, 2006 executed by KTM in favor of Wachovia ("Note 2"); and (3) a $205,790.29 Promissory Note dated August 2, 2006 executed by KPT and made payable to Wachovia ("Note 3"). KPT unconditionally guaranteed payment and performance of all loans. The first two loans, the KTM loans, were also secured by all the personal property of KTM pursuant to a Security Agreement dated November 7, 2006. All three individual defendants personally and unconditionally guaranteed repayment of the KTM Loans and the KPT Loan. The borrowers and Guarantors have not paid the amounts due under the Loans.

The Court takes judicial notice of the fact that on or around September 1, 2001, First Union merged with Wachovia, and on or around March 20, 2010, Wachovia merged with Wells Fargo. As a result of these mergers, Wells Fargo is the successor to First Union and Wachovia with respect to the loan documents evidencing the obligations of Defendants.

In their Answers, KTM and Guarantors Catherine and Peter Tsakanikas admit they executed the respective Notes, Guaranties, and Security Agreement. *See* KTM Answer at ¶¶ 10, 11, 12; Peter Tsakanikas Answer at ¶¶ 10-13, 16-17; Catherine Tsakanikas Answer at ¶¶ 10-12, 14, 16-17.

Note 1 is payable on demand. *See* Doc. No. 1 Ex. 1 at 3. Borrowers and Guarantors admit that Wells Fargo made a demand for payment, KTM Answer ¶¶ 20, 25; KPT Answer ¶¶ 20, 25; Peter Tsakanikas Answer ¶ 25; Catherine Tsakanikas Answer ¶ 25, and they do not assert satisfaction on Note 1.

Note 2 states that if KTM fails to timely pay any obligation due to Wells Fargo, the Loan is in default. *See* Doc. No. 1 Ex. 2 at 3. The Guaranties of the KTM loans provide that:

> Guarantor hereby absolutely, irrevocably and unconditionally guarantees to Bank and its successors, assigns and affiliates the timely payment and performance of all liabilities and obligations of Borrower to Bank and its affiliates, including, but not limited to, all obligations under any notes, loan agreements . . . however and whenever incurred or evidenced . . .

Doc. No. 1 Ex. 4 at 1; Ex. 6 at 1. The Guarantees provide that "failure of timely payment or performance of the [KTM Loans] or a default under any Loan Document" results in the KTM loans being immediately due and payable to Wells Fargo. *See* Doc. No. 1 Ex. 4 at 3; Ex. 6 at 3. Wells Fargo alleges that Defendants have failed to satisfy the loan, and Defendants do not allege that they have satisfied the loan.

The KPT Note, Note 3, provides that "failure of timely performance or payment . . . any default in payment or performance of any obligation under any loans, contracts or agreements of [KPT] with [Wells Fargo] . . ." results in a default under Note 3. *See* Doc. No. 1 Ex. 5 at 3. Wells Fargo contends that the loan has not been satisfied and that the loan is in default, and Defendants do not contend that the loan is not in default or that they have satisfied the loan.

On March 31, 2011, Wells Fargo brought this action against all Defendants to collect on the loans. *See* Doc. No. 1. On September 14, 2011, Wells Fargo moved for summary judgment under Federal Rule of Civil Procedure 56 against all Defendants but George Tsakanikas, who Wells Fargo is still attempting to serve with process.[1] In support of its motion, Wells Fargo attached the affidavit of James P. Buffington, an employee and Portfolio Manager of Wells

---

[1] On August 13, 2011, the Court granted Wells Fargo's motion to extend the deadline for service on George Tsakanikas to October 30, 2011. Wells Fargo established that it has made as many as 12 efforts to serve process on George Tsakanikas, to no avail.

3

Fargo. *See* Doc. No. 14 Ex. 1. Defendants moved to strike the affidavit, *see* Doc. No. 16, which has since been supplemented to address Defendants' concerns, *see* Doc. No. 21.

## II.   STANDARD OF REVIEW

Summary judgment is only appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). The Court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evidence." *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

To defeat a motion for summary judgment, the nonmoving party must come forward with affidavits or other similar evidence to show that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A disputed fact presents a genuine issue "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson,* 477 U.S. at 248. Although the Court should believe the evidence of the nonmoving party and draw all justifiable inferences in his or her favor, a party cannot create a genuine dispute of material fact "through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

## III.   ANALYSIS

Wells Fargo asserts claims against Defendants for breach of contract and turnover of collateral against KTM, relating to Defendants' default on their loan obligations. After reviewing

the record, the Court agrees that Defendants[2] have raised no genuine issue as to any material fact regarding their loan obligations. The pleadings, admissions, and affidavits in this case all show that KTM and the Guarantors executed the Notes, Guaranties, and Security Agreement, that failure of Defendants to satisfy the loans resulted in default on those loans, and that Defendants are jointly and severally liable under the Notes and Guaranties. Defendants do not contest the facts upon which Wells Fargo's summary judgment motion is based but rather pose certain novel arguments which the Court will dispose of briefly below.

First, Defendants argue that Wells Fargo's motion should be denied because it is based upon the deficient Affidavit of James P. Buffington, a Portfolio Manager for Wells Fargo. In his Affidavit, Mr. Buffington states that he is an agent of Wells Fargo and has been personally involved in efforts to collect the loans at issue. *See* Doc. No. 14 Ex. 1 at 1. Mr. Buffington goes on to state the amounts due under the loans. *See id.* Under Federal Rule 56(c)(4), "an affidavit . . . used to support or oppose a motion must be on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Defendants argue that the Affidavit fails to meet the requirements of the Federal Rule 803(6), the business records exception to the hearsay rule. Specifically, Defendants contend that the affiant must give more information about his position at Wells Fargo, how he came to acquire personal knowledge about the loans, and information supporting the fact that Wells Fargo is successor by merger to First Union National Bank. Defendants additionally brought a motion to strike the Affidavit on the same grounds. *See* Doc. No. 16. Wells Fargo has since submitted a supplemental declaration in which Mr. Buffington addresses Defendants' contentions by providing a more thorough summary of his position at

---

[2]From this point forward, "Defendants" refers to all defendants except George Tsakanikas. Wells Fargo is not seeking summary judgment against George Tsakanikas at this time. *See* Doc. No. 14 at 2.

Wells Fargo and the basis of his personal knowledge. *See* Doc. No. 21. Thus, Defendants' motion to strike is rendered moot.

In their reply, Defendants contend that they will be moving to strike the supplemental Affidavit as well. In order to potentially save Defendants the further costs of filing such a motion, the Court notes that at this point it sees no meritorious basis upon which the supplemental Affidavit should be stricken. Although the affiant states that his knowledge of Defendants' loan obligations is in part due to his review of the loan documents and record-keeping system of Wells Fargo, this does not constitute hearsay where, as the affiant contends, he has gained personal knowledge of the loan obligations as the Portfolio Manager in charge of their administration, oversight and collection.

The Court also declines to give further consideration to Defendants' contention that Wells Fargo has not produced any authenticated document evidencing its standing as successor to First Union National Bank or Wachovia Bank. Both mergers were nationally publicized and are matters of public record. Furthermore, Wells Fargo has taken the additional step of including the orders issued by the Federal Reserve approving the mergers. Neither of these contentions create a genuine dispute of material fact as to Defendants' liability for the loans in question.

Third, Defendants claim that there is a question of fact as to whether Catherine Tsakanikas is liable on the KTM Notes. The facts here are not in dispute. Catherine Tsakanikas admitted to executing a Guaranty as to the KTM loan dated June 8, 2001 in which she "absolutely, irrevocably and unconditionally guarantees to Bank and its successors, assigns and affiliates the timely payment and performance of all liabilities and obligations of [KTM] to bank . . . however and whenever incurred or evidenced . . ." *See* CT Guaranty at 1. This Guaranty provides that Catherine can terminate her obligations with respect to additional loans by simply

providing written notice to Wells Fargo. *See id.* Catherine failed to do so and thus is liable as a guarantor for the two KTM notes dated November 7, 2006. Defendants contend that since the Guaranty did not impose a time limit as to Catherine's liability for additional loans, the law should impose one, and that here the five-year passage of time since Catherine's original guarantee and the additional loans is unreasonable.

Defendants' argument is without legal support. Interpretation of the language contained in the Guaranty is a matter of law. *See Mercantile-Safe Deposit & Trust Co. v. Delp & Chapel Concrete & Constr. Co.*, 44 M.D. App. 34, 41 (1979). Defendants fail to provide any case law from any jurisdiction suggesting that a five-year time period like the one at issue is unreasonable. The only case cited by Defendants from a state within the Fourth Circuit Court of Appeal's jurisdiction is *Looney v. Belcher*, 169 Va. 160, 169 (1937), and it contradicts Defendants' contentions. In *Looney*, a bank guaranteed a customer's deposit with the bank and the guarantee did not contain a time limit. *Looney*, 169 Va. at 163. Almost fourteen years after the execution of the guarantee, the customer sought to recover from the guarantor. *Id.* at 165. The court found the guaranty enforceable, reasoning that if a party intends a guaranty to constitute a single dealing, "he should take care to say so." *Id.* at 170 (citations omitted). The Court finds that the language of Catherine's Guaranty is clear and that there is no dispute of material fact here. The Court declines to look beyond the terms of the Guaranty. Accordingly, Catherine is liable on the KTM loans.

Additionally, Defendants argue that the Court should not enter summary judgment in the absence of sufficient proof as to the amount due on the loans. Specifically, Defendants contend that on September 15, 2011, a foreclosure sale was conducted as to the property pledged by KPT to secure Loan 3. Defendants contend that a credit is due on the debt owed by KPT from the

proceeds of the foreclosure sale and that Defendants need the opportunity to conduct discovery to determine the amount of the credit due. However, the deed transferring the property to Wells Fargo sets forth the credit received by Defendants and is publically available. Moreover, as explained by Wells Fargo Portfolio Manager Mr. Buffington in the Supplemental Affidavit, the sale has not been ratified and thus the proceeds received from the foreclosure have not yet been applied to the outstanding balance due under the loans.  *See* Doc. No. 21 at 4. As soon as the foreclosure sale is ratified, Wells Fargo will apply the proceeds received from the foreclosure sale to the amount due under the loans. *Id.*

Defendants also argue that the Bank has not provided an itemized statement regarding the amounts claimed.  However, Wells Fargo contends that Defendants have never requested an updated balance of their loan obligations and Defendants have not contended that they submitted such a request to Wells Fargo. Such contentions do not create a genuine dispute of material fact as to the amounts due, which are described in detail in Wells Fargo's Supplemental Affidavit. Accordingly, the Court finds that Defendants have failed to point to affirmative evidence showing undisputed material facts and thus summary judgment in favor of Wells Fargo is proper.

## IV.   CONCLUSION

For the foregoing reasons, Wells Fargo's motion for summary judgment is GRANTED. A separate order will follow.

October 18, 2011                                                          /s/
     Date                                                            Alexander Williams, Jr.
                                                                     United States District Judge