IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION,<br>　　　Plaintiff,<br><br>　　　　v.<br><br>KT MECHANICAL CONTRACTORS, INC. *et al.*,<br>　　　Defendants. | *<br>*<br>*<br>*<br>*<br>*　Civil Action No. 11-cv-00850-AW<br>*<br>*<br>*<br>* |

*******************************************************************************

## **Memorandum Opinion**

Currently pending before the Court is Plaintiff Wells Fargo Bank N.A. ("Wells Fargo")'s motion for summary judgment against Defendant George Tsakanikas. Wells Fargo brought this action against Defendants KT Mechanical Contractors, Inc. ("KT"), KPT, LLC ("KPT"), Catherine Tsakanikas, Peter Tsakanikas, and George Tsakanikas to collect on three loans made by Wells Fargo. The Court has already granted Plaintiff's motion as to all Defendants but George Tsakanikas, due to the difficulty Plaintiff encountered in serving George Tsakanikas with process. *See* Doc. No. 24. The Court has reviewed the entire record, as well as the pleadings and exhibits, and finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2010). For the reasons set forth below, the Court GRANTS Plaintiff's motion for summary judgment against George Tsakanikas.

**I.      FACTUAL & PROCEDURAL BACKGROUND**

The following facts are taken from the Court's prior Memorandum Opinion. Three Promissory Notes are the subject of this lawsuit: (1) a $350,000 Promissory Note dated

November 7, 2006, ("Note 1") executed by KTM in favor of Wachovia Bank, N.A. ("Wachovia"); (2) a $250,000 Promissory Note dated November 7, 2006 executed by KTM in favor of Wachovia ("Note 2"); and (3) a $205,790.29 Promissory Note dated August 2, 2006 executed by KPT and made payable to Wachovia ("Note 3"). All Defendants, including George Tsakanikas, personally and unconditionally guaranteed repayment of the KTM Loans and the KPT Loan. The borrowers and Guarantors did not pay the amounts due under the Loans.

On or around September 1, 2001, First Union merged with Wachovia, and on or around March 20, 2010, Wachovia merged with Wells Fargo. As a result of these mergers, Wells Fargo is the successor to First Union and Wachovia with respect to the loan documents evidencing the obligations of George Tsakanikas.

In his Answer to Wells Fargo's Complaint, George Tsakanikas admits he executed the respective Notes, Guaranties, and Security Agreement. *See* George Tsakanikas Answer at ¶¶ 10-13, 16-17. Note 1 is payable on demand. *See* Doc. No. 1 Ex. 1 at 3. Tsakanikas admits that Wells Fargo made a demand for payment, George Tsakanikas Answer ¶ 25, and does not assert satisfaction on Note 1.

Note 2 states that if KTM fails to timely pay any obligation due to Wells Fargo, the Loan is in default. *See* Doc. No. 1 Ex. 2 at 3. The Guaranties of the KTM loans provide that:

> Guarantor hereby absolutely, irrevocably and unconditionally guarantees to Bank and its successors, assigns and affiliates the timely payment and performance of all liabilities and obligations of Borrower to Bank and its affiliates, including, but not limited to, all obligations under any notes, loan agreements . . . however and whenever incurred or evidenced . . .

Doc. No. 1 Ex. 4 at 1; Ex. 6 at 1. The Guarantees provide that "failure of timely payment or performance of the [KTM Loans] or a default under any Loan Document" results in the KTM loans being immediately due and payable to Wells Fargo. *See* Doc. No. 1 Ex. 4 at 3; Ex. 6 at 3.

2

Wells Fargo alleges that Defendants, including George Tsakanikas, have failed to satisfy the loan, and George Tsakanikas does not allege that he or the other Defendants have satisfied the loan.

The KPT Note, Note 3, provides that "failure of timely performance or payment . . . any default in payment or performance of any obligation under any loans, contracts or agreements of [KPT] with [Wells Fargo] . . ." results in a default under Note 3. *See* Doc. No. 1 Ex. 5 at 3. Wells Fargo contends that the loan has not been satisfied and that the loan is in default, and Defendants, including George Tsakanikas, do not contend that the loan is not in default or that they have satisfied the loan.

On March 31, 2011, Wells Fargo brought this action against all Defendants to collect on the loans. *See* Doc. No. 1. On September 14, 2011, Wells Fargo moved for summary judgment under Federal Rule of Civil Procedure 56 against all Defendants but George Tsakanikas, who Wells Fargo was still attempting to serve with process.[1] In support of its motion, Wells Fargo attached the affidavit of James P. Buffington, an employee and Portfolio Manager of Wells Fargo. *See* Doc. No. 14 Ex. 1. The Court granted Wells Fargo's motion and entered judgment against all Defendants but George Tsakanikas. *See* Doc. No. 24. Wells Faro subsequently served George Tsakanikas by publication. *See* Doc. No. 25. Wells Fargo now moves for summary judgment against George Tsakanikas.

## II.   STANDARD OF REVIEW

Summary judgment is only appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact

---

[1] On August 13, 2011, the Court granted Wells Fargo's motion to extend the deadline for service on George Tsakanikas to October 30, 2011. Wells Fargo established that it made as many as 12 efforts to serve process on George Tsakanikas, to no avail.

and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). The Court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evidence." *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

To defeat a motion for summary judgment, the nonmoving party must come forward with affidavits or other similar evidence to show that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A disputed fact presents a genuine issue "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson,* 477 U.S. at 248. Although the Court should believe the evidence of the nonmoving party and draw all justifiable inferences in his or her favor, a party cannot create a genuine dispute of material fact "through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

### III.   ANALYSIS

Wells Fargo asserts claims against George Tsakanikas ("Tsakanikas") for breach of contract relating to Defendants' default on their loan obligations. In granting summary judgment against KT, KPT, Peter Tsakanikas and Catherine Tsakanikas, the Court found that Defendants raised no genuine issue as to any material fact regarding their loan obligations. George Tsakanikas has similarly failed to raise any genuine issue as to his liability pursuant to his Guaranties on the loan agreements. The pleadings, admissions, and affidavits in this case show that: (1) Tsakanikas executed two agreements guaranteeing repayment of the loans; (2) failure of Tsakanikas and the other Defendants to satisfy the loans resulted in default on those loans; and

(3) Defendants, including Tsakanikas, are jointly and severally liable under the Notes and Guaranties.

Tsakanikas does not contest liability but, rather, argues that there is a genuine dispute regarding the amount due. First, Tsakanikas has provided a recent billing statement as to Note 1 in which Wells Fargo does not demand payment of the full amount of the loan. *See* Doc. No. 33 Ex. 2. Tsakanikas argues that this statement casts into doubt the amount due under Note 1. The Court disagrees. This automated billing notice is insufficient to create a genuine issue of material fact as to Tsakanikas's liability given that the loan documents signed by Tsakanikas clearly delineate the amount of the loan and provide that if the loan is in default, Wells Fargo may demand full payment without other notice. Wells Fargo has made a proper demand for payment in full. *See* Doc. No. 1 Ex. 7. Judging by the date on the automated billing statement, Tsakanikas had already filed an Answer in this lawsuit by the time he received it. Accordingly, the billing statement does not satisfy, reduce, or otherwise abrogate Tsakanikas's liability on the loan.

Second, Tsakanikas contends that he is entitled to a credit for rents received by Wells Fargo from his tenants as well as the proceeds recovered under the foreclosure sale, and that he needs the opportunity to conduct discovery to determine the amount of the credit due. None of these contentions, which relate to satisfaction of the debt rather than liability as to the amount owed, render summary judgment improper. As to the credit from the foreclosure sale, it appears from Tsakanikas's own filings, *see* Doc. No. 33 Ex. 6 at 4, that the sale has not been ratified and thus the proceeds received from the foreclosure have not yet been applied to the outstanding balance due under the loans. As soon as the foreclosure sale is ratified, Wells Fargo has been ordered to apply the proceeds received from the foreclosure sale to amounts owed by Defendants. *See* Doc. No. 24 at 2. Similarly, to the extent it has not already, Wells Fargo is

obligated to apply any proceeds received from Tsakanikas's tenants to the amount due under the loans.

In sum, Tsakanikas has failed to provide any evidence of a disputed material fact, and thus summary judgment in favor of Wells Fargo is proper.

## IV. CONCLUSION

For the foregoing reasons, Wells Fargo's motion for summary judgment is GRANTED. A separate order will follow.

<u>December 28, 2011</u>        <u>        /s/        </u>
        Date                Alexander Williams, Jr.
                United States District Judge